HENRY A. PLATT (CSB No. 142304)
Email: hplatt@saul.com
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000 – The Watergate
Washington, D.C. 20037-1922
Tel.: 202.333.8800
Fax: 202.295.6776

Attorneys for Movant, John Doe

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GRISOFT, S.R.O., <br><br>          Requestor, <br><br>   vs. <br><br> GOOGLE, INC., <br><br>          Witness. | Case No. 07-mc-80281-MMC <br><br> **NOTICE OF MOTION AND MOTION BY JOHN DOE TO QUASH SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)** <br><br> Date:  March 14, 2008 <br> Time:  9:00 a.m. <br> Judge: The Honorable Maxine M. Chesney <br> Courtroom:  7, 19th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE THAT ON March 14, 2008 at 9:00 a.m., or as soon thereafter as the matter by be heard in the above entitled Court located at 450 Golden Gate Ave., San Francisco, California, Movant John Doe will, and hereby does, move this Court for an order quashing the subpoena directed to Google, Inc., issued by this Court on January 3, 2008 at the request of Grisoft, S.R.O. ("Grisoft"), seeking, *inter alia*, the identity of Movant John Doe,

1

John Doe's Motion to Quash Subpoena Pursuant to 17 U.S.C. § 512(h)
Civil Action No. 07-mc-8021-MMC
941497.1 2/1/08

because Grisoft is attempting to misuse the subpoena process pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, *et seq*.

## INTRODUCTION

Movant John Doe ("Doe") moves to quash the subpoena issued by Grisoft, S.R.O. ("Grisoft") because Grisoft is attempting to misuse the subpoena process pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, *et seq*. The DMCA only authorizes subpoenas for alleged copyright claims, yet Grisoft's request for the issuance of a subpoena is really based upon alleged <u>trademark</u> claims. This Court should not countenance Grisoft's backdoor effort to obtain the constitutionally-protected identity of Doe by its exploitation of the DMCA.

Doe maintains a constitutional right to speak namelessly. No subpoena can be valid, whether issued pursuant to the DMCA or some other such means, if it seeks constitutionally protected information. It is for this reason that courts have regularly held that discovery requests of non-parties that attempt to pierce the anonymity of online users must be carefully scrutinized to prevent the exact type of abuse Grisoft is attempting to perpetrate by its subpoena.

Grisoft's Request for the Issuance of a Subpoena Pursuant to 17 U.S.C. § 512(h) of the DMCA (the "Subpoena") must be evaluated only for Grisoft's alleged copyright claims. This Court should not consider any other claims Grisoft purports to have.[1] Specifically, this Court must consider whether Grisoft has illustrated with any degree of specificity its ability to establish a *prima facie* case of copyright infringement. On the face of its Subpoena, Grisoft must

---

[1] Of course, Doe disputes that Grisoft has any such claims.

2

John Doe's Motion to Quash Subpoena Pursuant to 17 U.S.C. § 512(h)
Civil Action No. 07-mc-8021-MMC
941497.1 2/1/08

demonstrate ownership of the copyright and copying thereof.  Here, Grisoft has failed to meet its burden.  Accordingly, this Court should quash the Subpoena served on Google.

### STATEMENT OF ISSUES TO BE DECIDED

Whether the subpoena seeking the identity of Movant John Doe must be quashed.

### RELEVANT FACTUAL/PROCEDURAL BACKGROUND

On or about December 13, 2007, Grisoft filed a Request with this Court for the issuance of a subpoena to Google purportedly in accordance with 17 U.S.C. § 512(h).  Google was served with the Subpoena on or about January 3, 2008.

By its Subpoena, Grisoft seeks various categories of Google documents pursuant to the DMCA on account of the registrant of the domain name, <<avg-soft.com>> (the "Website"), alleged infringement of Grisoft's "copyrights and, coincidentally our client's [Grisoft] trademarks" relating to certain software known as "AVG."  To support its claims, Grisoft states only "on information and belief" that the Website: 1) provides "screenshots of Grisoft's proprietary software; and 2) is distributing – for a fee – Grisoft's proprietary software."

Grisoft, however, refers broadly to its registered copyrights for the AVG software but relies only upon its **trademark** registrations in support of its Subpoena under the DMCA.  In its takedown letter and the Appendix attached to its Subpoena as Exhibit B, Grisoft specifically directs this Court only to various trademark registrations.  In fact, nowhere in its Subpoena or any of the accompanying documents does Grisoft establish with any scintilla of specificity that it actually maintains a copyright for AVG.

In accordance with its custom and practice, Google notified Doe of Grisoft's subpoena request.  Doe subsequently informed Google of its intent to file this Motion to Quash

3

John Doe's Motion to Quash Subpoena Pursuant to 17 U.S.C. § 512(h)
Civil Action No. 07-mc-8021-MMC
941497.1 2/1/08

and requested that Google delay responding to the subpoena pending the resolution of this Motion.

Specifically, the Subpoena requests three broad categories of documents relating to the Website registrant:

> 1. Any and all documents identifying the proponent of the sponsored website avg-soft.com.
>
> 2. Identify any and all facts related to the Proponent of the "avg-soft.com" website, including name, company name, mailing address, e-mail address, phone number and produce all documents or correspondence evidencing such information.
>
> 3. Any and all documents or correspondece [*sic*], pertaining to the Proponent's application and subsequent enrollment in the sponsored advertising program, including, but not limited to, date applied, date enrolled, key terms chosen in connection with the sponsored advertising, any other domains the Proponent is currently advertising through your sponsored advertising program, and all other documentation in connection with the Proponent's Google sponsored advertising program. [2]

## ARGUMENT

It is well-established that civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns. *See, e.g., Sony Music Entertainment v. Does*, 326 F, Supp. 2d 556, 563 (S.D.N.Y. 2004). Because the First Amendment protects anonymous speech and association, the use of the judicial process through the DMCA's subpoena powers to pierce anonymity is subject to a qualified privilege. *See Buckley v. Am. Const. Law Fdn.*, 525 U.S. 182, 192 (1999). The Supreme Court has repeatedly "recognized that

---

[2] Even if the Subpoena complied with the terms of the DMCA, Grisoft is not permitted to engage in a fishing expedition of the nature of Request No. 3. Assuming *arguendo* that Grisoft appropriately stated a copyright claim relating to the Website, the DMCA does not authorize Grisoft to issue a subpoena and take unfettered discovery regarding matters having no relevance whatsoever to AVG software, the Website or any alleged infringement suffered by Grisoft.

'the line between speech unconditionally guaranteed and speech which may legitimately be regulated... is finely drawn,' " and thus " '[t]he separation of legitimate from illegitimate speech calls for sensitive tools.' " *Blount v. Rizzi*, 400 U.S. 410, 417 (1971) (*quoting Speiser v. Randall*, 357 U.S. 513, 525 (1958)).  In light of the Website registrant's qualified privilege, Doe submits that Grisoft's Subpoena does not comport with the purpose of the DMCA.  And therefore, Doe asks this Court to quash the Subpoena.

Section 17 U.S.C. § 512(h) subpoenas were designed by Congress for a strictly limited purpose – to identify a known case of copyright infringement – **not trademark infringement.**  It is patently obvious from the Subpoena that Grisoft is basically making trademark-related claims, but seeking to take advantage of copyright laws.  Section 512(h) does not permit such a fishing expedition.

The Supreme Court has warned against the blurring of boundaries between trademark and copyright law.  *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). In *Dastar,* Twentieth Century Fox argued for an interpretation of the Lanham Act that would have established a cause of action under trademark law for "misrepresentation of authorship of noncopyrighted works." *Id.* at 35.  The Court reasoned that this would cause an overlap with copyright law and rejected it.  The Court warned that disregarding the trademark/copyright law distinction "would create a species of mutant copyright law." *Id.* at 34.

Here, Grisoft's strategy is clear.  With a wink and a nod, Grisoft makes broad-sweeping allegations of copyright infringement and attempts to rely upon its trademark registrations hoping that Doe and Google would not recognize its transparent effort to misuse the DMCA.  Accordingly, Doe asks that this Court quash the Subpoena in its entirety.

5

John Doe's Motion to Quash Subpoena Pursuant to 17 U.S.C. § 512(h)
Civil Action No. 07-mc-8021-MMC
941497.1 2/1/08

Alternatively, if this Court finds that Grisoft has stated a prima facie copyright claim with sufficient specificity relating to AVG, the Court should still quash Grisoft's Document Request No. 3 in the Subpoena. Request No. 3 seeks the identity of "any other domains" the registrant is "currently advertising through your sponsored advertising program, and all other documentation in connection with the Proponent's Google sponsored advertising program." Clearly, this request is beyond the scope of any reasonably related infringement claim concerning AVG and is a blatant misuse of the subpoena provisions of the DMCA.

WHEREFORE, for the foregoing reasons, John Doe moves this Court to quash Grisoft's Subpoena Directed to Google Pursuant to 17 U.S.C. § 512(h).

SAUL EWING LLP

Dated: January 31, 2008         By:_____/s/_____
                                        Henry A. Platt

                                Attorneys for Movant
                                JOHN DOE

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2008, I sent via electronic and first-class mail a copy of the foregoing **NOTICE OF MOTION AND MOTION BY JOHN DOE TO QUASH SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)** to Michael L. Meeks, Esquire, Pepper Hamilton LLP, 5 Park Plaza, Suite 1700, Irvine California 92614 (meeksm@pepperlaw.com) and Jennifer L. Lambert, Esquire, Pepper Hamilton LLP, 3000 Two Logan Square, Eighteenth and Arch Streets, Philadelphia, PA 19103-2799 (lambertj@pepperlaw.com), Counsel for Requestor, Grisoft, S.R.O. and Google, Inc. c/o Google Legal Support/DMCA Complaints, 1600 Amphitheatre Parkway, Mountain View, CA 94043 (legal-support@google.com).

/s/<br>
Henry A. Platt